UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER JR WATSON III,

                Plaintiff,

-against-

NYC DEPARTMENT OF CORRECTIONS;
GRVC MAILROOM DEPT; UNKNOWN
MAILROOM EMPLOYEES AT RICC,

                Defendants.

25-CV-2968 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is detained at the George R. Vierno Center on Rikers Island, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. By order dated May 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] The events giving rise to the complaint took place between December 10, 2024, and February 10, 2025. (ECF 1 at 4.) During this time, mail from another detainee, Andre Antrobus, was frequently opened, "taken," and "not sent out."[3] (*Id.*) In addition, "exonerating evidence" was taken. (*Id.*) Plaintiff also refers to "[r]etaliations every day against Andre Antrobus." (*Id.* at 4.)

Plaintiff further alleges that "they are also holding and taken my mail." (*Id.*) Plaintiff states that he "put in" three writs each to Bronx Supreme Court and Kings County Supreme Court but has received "no answer or calling for court about the lack of services, food, protection and violent conditions with Mr. Antrobus!" (*Id.*) In addition, "Mr. Antrobus submitted 82 times and no answer. But 150 other detainees that he did it for got released." (*Id.*). Defendants are "making Plaintiff waste stamps and postage . . . ." (*Id.*).

Plaintiff states that he submitted motions "to DA, Ct, Lawyer, and Etc" but received "no answer or reply." (Id. at 4.) He continues:

> Now they threatening me with serious imminent danger to life and limb by them. I've been gang assaulted several times by order of DOC and denied medical services! . . . I could've been free by now if they wasn't thieving my mail . . .

(*Id.* at 5.)

Plaintiff seeks $2 million in compensatory damages and $1 million in punitive damages.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff has filed other complaints jointly with, or drafted by, Andre Antrobus. *See Watson et al v. New York City*, No. 25-cv-03005 (LTS) (S.D.N.Y. filed Apr. 7, 2025); *Booth v. The Board of Education NYS*, No. 25-CV-3210 (S.D.N.Y. Apr. 15, 2025).

**DISCUSSION**

**A.    Claims on behalf of another**

To the extent that Plaintiff seeks to assert any claims on behalf of detainee Andre Antrobus, the Court dismisses those claims. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Plaintiff has not alleged any facts suggesting that he is an attorney. The Court therefore dismisses without prejudice any claims Plaintiff seeks to bring on behalf of Antrobus.

**B.    Claims against DOC**

Plaintiff brings claims against the New York City DOC. Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that *does not* have the capacity to be sued under its municipal charter." (emphasis in original)). New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

3

The New York City DOC does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). Any claims against the DOC must be brought against the City of New York. The Court therefore dismisses Plaintiff's claims against the DOC because it lacks the capacity to be sued.

If Plaintiff chooses to file an amended complaint, the proper defendant for claims against the DOC is the City of New York. The Court notes, however, that to state a claim against the City of New York or other municipal entity, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). As explained below, at this stage, Plaintiff has not alleged facts showing a violation of his constitutional rights.

## C.    Excessive force

Plaintiff seems to suggest that at some point he was assaulted "by order of DOC." (ECF 1 at 5.) Plaintiff has not alleged facts about when or where this took place, who was involved, or

what occurred. Plaintiff does not allege that he is currently in danger or seek injunctive relief in connection with these allegations of excessive force. Plaintiff does not include any facts clarifying why he believes that "the DOC" initiated the assault. These allegations are therefore insufficient to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim. Plaintiff's Section 1983 claim for excessive force, in violation of his constitutional rights, is therefore dismissed for failure to state a claim on which relief can be granted, with 60 days' leave to replead to allege such facts.

**D.      Interference with mail**

      1.      Access to courts

Incarcerated individuals have a "constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds,* 430 U.S. at 828 (internal quotation marks omitted)). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Casey,* 518 U.S. at 351 (internal quotation marks and citation omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that "the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks and citation omitted, alteration in original); *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must

show actual injury with regard to his legal claim – "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Casey*, 518 U.S. at 348 (internal quotation marks and citation omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415.

A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff does not state an access to courts claim because he does not allege facts suggesting that Defendants hindered his ability to pursue his own nonfrivolous legal action. It is unclear if Plaintiff brings any claims on his own behalf, in addition to his claims on behalf of Mr. Antrobus. Moreover, the Court notes that Plaintiff cannot state an access to courts claim in connection with his criminal proceedings if he is represented by counsel who would be in a position to assert the legal claims on his behalf. *See Bourdon*, 386 F.3d at 98.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend this claim. If Plaintiff repleads this claim in an amended complaint, he must name as defendants the individuals who allegedly denied him access to the courts and allege facts suggesting that he

6

(and not Andre Antrobus) was hindered from pursuing an arguably meritorious legal claim on his own behalf.

### 2.    Mail tampering

To state a claim based on general mail tampering under the First Amendment, a prisoner must allege that the incidents of mail tampering: "(1) . . . suggest[] an ongoing practice of censorship unjustified by a substantial government interest, or (2) . . . [have] unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.*; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege facts sufficient to suggest that correctional staff interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. It is unclear whether Plaintiff alleges any tampering at all with his own mail, or whether he merely attempts to bring claims on behalf of Mr. Antrobus. The Court grants Plaintiff leave to amend this claim to allege facts suggesting that individual defendants subjected him to regular and unjustifiable interference with his mail, or that this occurred because of a custom, policy, or practice attributable to the City of New York.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to

allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4]  In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. The amended complaint should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift." The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Plaintiff's claims on behalf of Andre Antrobus, however, should not be reasserted.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-2968 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff does not file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, Plaintiff's federal claims will be dismissed for failure to state a claim upon which relief may be granted and, under 28 U.S.C. § 1367(c)(3), the Court will decline supplemental jurisdiction of the state law claims, leaving Plaintiff free to pursue them in an appropriate forum.

SO ORDERED.

Dated:     February 18, 2026
           New York, New York

_____
                    Louis L. Stanton
                    U.S.D.J.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                            State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name              Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

Defendant 2:

First Name              Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

Defendant 3:

First Name              Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

Defendant 4:

First Name              Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6